### MIXER et al. v. SCHREINER.

*(Superior Court of Buffalo, Special Term. February 2, 1891.)*

PLEADING—JUDGMENT ON FRIVOLOUS ANSWER.

    The answer in an action on a protested note, without denying any of the allegations of the complaint, averred that plaintiff ought not to maintain the action as to the amount of the protest fees claimed in the complaint, because defendant was the maker of the note. *Held*, the answer was frivolous, and plaintiffs were entitled to a judgment for the amount sued for less the protest fees, under Code Civil Proc. N. Y. § 537, which provides that, if an answer is frivolous, judgment may be given for the party prejudiced thereby.

Action by Harrison B. Mixer and others against Nickolaus Schreiner. Plaintiffs move for judgment on the answer as frivolous.

*Williams & Potter*, for plaintiffs. *Albert Schelling*, for defendant.

TITUS, J. Section 537 of the Code of Civil Procedure provides that, "if a demurrer, answer, or reply is frivolous, the party prejudiced thereby * * * may apply to the court, or to a judge of the court, for judgment thereupon, and judgment may be given accordingly." The answer does not deny any of the allegations of the complaint, but alleges that the plaintiffs ought not to maintain this action as to the moneys claimed to have been incurred by them for protest fees, as stated in said complaint, in that the defendant was and is the maker of the note described in said complaint. I shall dispose of this question upon the theory that the plaintiffs did not necessarily incur the protest fees, the defendant being liable without that formality, as he was the maker of the note. The

complaint, upon its face, claims $1.30 for the protest, and the plaintiffs' right to recover depends upon the complaint itself, and became a question of law, and not one of fact.   The answer alleges no new matter, but objects to the plaintiffs' right to recover more than the amount of the note and interest.   No issue of fact is raised, there is nothing for a court or jury to try, and consequently the answer, which is a pleading designed to raise an issue of fact, is not the proper mode of raising the question on the complaint.   The only pleading on the part of the defendant is either a demurrer or an answer.   Code, § 487. The answer must contain a general or specific denial of each material allegation of the complaint controverted by the defendant, or a statement of any new matter constituting a defense or counter-claim.   Code, § 500.   The answer in this case does neither; it is not a denial of any of the allegations of the complaint, and does not contain a statement of any new matter constituting a defense or counter-claim.   The other pleading mentioned in the Code is a demurrer, and, among the several grounds specified in section 488 of the Code of Civil Procedure, the eighth is the only one having any application here.   It provides as a ground of demurrer that the complaint does not state facts sufficient to constitute a cause of action.   A liberal construction of this section might possibly enable the defendant to demur for the reason that the facts stated in the complaint do not legally warrant the amount of judgment claimed in the prayer for relief; but it seems to me the better practice would be for the defendant to offer to allow the plaintiff to take judgment for the sum which he concedes himself to be liable for.   No additional burden is imposed upon the defendant if the plaintiff accepts, and, if he fails to obtain a more favorable judgment, he cannot recover costs from the time of the offer, but must pay costs from that time.   Code, § 738.   This would be so, no matter what steps the defendant might be compelled to take to protect himself against an unwarranted demand by the plaintiff in his complaint.   The statute discourages litigation, and punishes the party with costs who unnecessarily causes it.   I think, therefore, the plaintiffs must have judgment for the amount claimed, less the sum of $1.30 claimed as protest fees.   This without costs of this motion.